UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LARRY GORDON,

                        Plaintiff,

             -against-

Detective ALBERT VITARELLI, Shield No. 03966; CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------- x

**AMENDED COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Larry Gordon ("plaintiff" or "Mr. Gordon") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Albert Vitarelli, Shield No. 03966 ("Vitarelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vitarelli is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On January 28, 2021, Mr. Gordon was lawfully in his apartment located at 6 Water Street in Manhattan. Upon information and belief, 6 Water Street is a hotel that, at that time, was being used to house homeless people.

14. On January 28, 2021, members of the NYPD, including Det. Vitarelli, entered Mr. Gordon's apartment with a resident assistant that worked at the hotel.

15. Upon information and belief, Mr. Gordon was then taken to the 1st Precinct and interrogated by these same officers.

16. Mr. Gordon was then charged with two counts of burglary.

17. Between arrest and being taken to Central Booking, Mr. Gordon was approximately in custody for 24 hours before he went before a judge to learn of his charges.

18. Mr. Gordon unlawfully spent 8 days on Rikers Island before he was able to post bail.

19. On January 4, 2022, the New York County District Attorney's Office moved to dismiss Mr. Gordon's case.

20. Significantly, there existed no complaining witnesses in the case at bar and a surveillance video was the only piece of evidence used to arrest Mr. Gordon.

21. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

22. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

23. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

24. Mr. Gordon suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, an unlawful search and damage to his reputation.

## FIRST CLAIM
### Unlawful Detention and Interrogation

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and then interrogated plaintiff without probable cause. Plaintiff also

suffered approximately 9 days of unlawful detention.

27.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning, unlawfully interrogating, and falsely arresting plaintiff.

33.     Plaintiff was conscious of his confinement.

34.     Plaintiff did not consent to his confinement.

35.     Plaintiff's confinement was not otherwise privileged.

36. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

37. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Denial Of Constitutional and Statutory Right
### To a Speedy Trial

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

41. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to fair court proceedings and caused plaintiff to be subjected to 9 days of incarceration and a year of unlawful legal proceedings in violation of the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM

### Negligent Hiring, Training and Retention

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

45. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

46. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

47. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   March 31, 2023
         Forest Hills, New York

JUSTIN C BONUS ATTORNEY AT LAW

*Justin Bonus*
_____
Justin C. Bonus, Esq.

                                          118-35 Queens Blvd, Suite 400
                                          Forest Hills, NY 11375
                                          347-920-0160
                                          Justin.bonus@gmail.com

                                          *Attorneys for Plaintiff*